UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Glenn James, Jr., # 310987, *aka Anthony James* <br>                   Plaintiff, <br><br> vs. <br><br> Jon Ozmint, Director of SCDC; <br> Warden Padula, Lee Correctional Inst.; <br> Mr. Oberman, Lee CI SMU Director, and <br> Sharon Patterson, Lee CI DHO, <br>                   Defendants. | C/A No. 4:09-1351-HMH-TER <br><br><br> REPORT AND RECOMMENDATION |

This matter is before the court on plaintiff's motion entitled "Plaintiff's Affidavit In Support of Motion For Order to Show Cause For A Preliminary Injunction and a Temporary Restraining Order." (Doc.#3). In this motion, plaintiff is requesting that he be placed on "Intensive House arrest and be compensated with $10,000.00 separate from judgment." (Id.). Additionally, plaintiff requests a Temporary Restraining Order ("TRO") against Lee Correctional Institute and the South Carolina Department of Corrections "in the form of being transferred to Charleston County." (Id.). Plaintiff asserts several reasons he should be granted a TRO as follows:

1. That he has been given 900 days of Disciplinary Segregation which is a denial of Due Process and if the TRO is not granted, plaintiff would have to continue 360 days of the 900 days. . .

2. Because of the denial of his Due Process, he has been unable to contact his family for approximately 540 days and unable to review visits. Thus, plaintiff asserts that intensive House Arrest would give back access to his family. . .

3. Plaintiff asserts that he has been subjected to extreme inhumane treatment and living conditions, deliberate indifference retaliation and harassment, cruel and unusual

|  | punishment, abuse of governmental power, denial of due process, and purposeful infliction of shame and disgrace... |
|---|---|
| 4. | By granting this TRO it'll show that the United States Government does not approve of this type of treatment to prisoners within the Department of Corrections... |
| 5. | All of these occurrences were done against me by the persons who control SCDC and Lee C.I. ... I am being force to deal with my mental illness of hearing voices without medical treatment. I am force to talk to the same people who subjected me to this treatment. I am forced to eat from(sic) these same people who subjected me to this treatment. I am forced to see these people who subjected me to this treatment, and it has taken a tole on my mind... |
| 6. | Money damages would help ease the pain of lost time and unjust, 24 hour cell confinements, but if a jury does decide to grant monetary damages, it would be too late to even attempt to use the money to fix my delima (sic)... |
| 7. | $10,000.00 compensation for 540 days of completed, unconstitutional Disciplinary Segregation time, would now compensate for irreparable damage... |
| 8. | Plaintiff feels that his life is in danger by the South Carolina Department of Corrections Employees. An officer of Lee Correctional Institution has been fired for allowing one inmate into the cell of another in order to stab the second inmate. If the Court compares plaintiff's arrest photo of 2004 with plaintiff's present features, the Court will see the anguish of laying wake at night out of fear of his life. At anytime SCDC & Lee C.I. can move an inmate into this cell with lock-up time to do and orders to kill the plaintiff and the plaintiff would be helpless. (Sic). |

(Id.).

Thus, plaintiff requests a TRO to be "transferred to Charleston County Detention Center on a Temporary Restraining Order until injunctive relief has been granted for plaintiff to be placed on Intensive House Arrest." (Id.). Defendants filed a response in opposition. (Doc. #26).

The amended complaint in this action asserts among other things allegations of conditions of confinement and seeks both punitive damages and injunctive relief in the form of a transfer to another institution. Additionally, plaintiff raises issues related to his disciplinary violation and raised issues related to the disciplinary violation process and hearing in his complaint.

A temporary restraining order is extraordinary relief to be granted "only if the moving party clearly establishes entitlement to the relief sought." See Fed. Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (4th Cir. 1981). The Fourth Circuit recently held that in light of the Supreme Court decision in Winter v. Natural Resources Defense Council, Inc., --- U.S. ----, ---- - ----, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008), "the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in Winter governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts." Real Truth About Obama, Inc. v. Federal Election Com'n, 2009 WL 2408735, at *4 (4th Cir. Aug.5, 2009).

Therefore, pursuant to Winter, plaintiff remains unable to demonstrate the appropriateness of the granting of a preliminary injunction. Under the Winter standard, plaintiff must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 129 S.Ct. at 374. All four requirements must be met. Id.

Plaintiff has failed to show that he is likely to suffer irreparable harm in the absence of preliminary relief. Additionally, the issuance of injunctive relief as requested by the plaintiff would interfere with the determinations made by the prison administrators. The court must give deference to decisions by prison administrators. See Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980). As plaintiff has failed to meet the all four requirements of the above standard, it is recommended that this motion requesting a TRO and injunction to require that defendants transfer him from the facility he is located to "Intensive House Arrest" and for a TRO "against Lee C.I. and the South Carolina Department of Corrections, in the form of being transferred to Charleston County" (doc.#3) be denied.

                                                          Respectfully submitted,

                                                          s/Thomas E. Rogers, III
                                                          Thomas E. Rogers, III
                                                          United States Magistrate Judge

September 30, 2009
Florence, South Carolina