IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Anthony Glenn James, Jr., #310987,   )
                                     )
          Plaintiff,               )   C.A. No. 1:09-1351-HMH-SVH
                                     )
          vs.                      )   **OPINION & ORDER**
                                     )
Jon Ozmint, Director of SCDC;        )
Warden Padula, Lee Correctional Institution;)
Mr. Oberman, Lee Correctional Institution )
Special Management Unit Director; and )
Sharon Patterson, Lee Correctional   )
Institution Disciplinary Hearing Officer, )
                                     )
          Defendants.              )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Anthony Glenn James, Jr. ("James"), a prisoner proceeding pro se, alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. In her Report and Recommendation, Magistrate Judge Hodges recommends granting Defendants' motion for summary judgment and denying all remaining motions as moot. (Report and Recommendation 2.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

James filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of James' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. James objects that the magistrate judge erred by failing "to address the issue where [he] was force[d] to sleep on concrete for (2) two months." (Objections 1.)

James alleges that Defendants were deliberately indifferent to his health and safety needs by forcing him to sleep without a mattress for two months. (Compl. ¶ IV.); (Objections 1.) According to James, "[o]n the week of January 7th, 2005, . . . [his] cell was stripped of everything to include [his] mattress, sheets, blanket, [etc. . . . ]." (Compl. ¶ IV.) James also states that his medical records "show mental health workers asking . . . staff members about [him] not having a mattress." (Objections 1.)

According to James' medical records dated February 14, 2008, James was without a mattress because he "stuffed his mattress down the toilet some weeks ago, [and] he could not get another mattress unless he paid for one." (Defs. Mem. Supp. Summ. J. 11 & Ex. 9 (Medical Records).) Additionally, James' medical records reveal that he attempted to hang himself, which

required the prison staff to remove various items from his room, including his bedding; however, James was provided with a "suicide blanket." (Id. Ex. 9 (Medical Records).) "When an inmate is placed on suicide watch, his cell may be stripped of all materials deemed dangerous to him and not returned to him until medical clearance is given." (Id. Ex. 2 (Warden Padula Aff. ¶ 10).)

Prison officials "must provide humane conditions of confinement [as well as] ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, the "[United States] Constitution does not mandate comfortable prisons." Id. (internal quotation marks omitted). James has provided the court with no evidence that Defendants' allegation that he destroyed his mattress is untrue. As such, James has failed to establish that Defendants have created inhumane living conditions. Further, it is the policy of the prison to remove dangerous items from an inmate's room once such inmate shows signs of suicide. (Id. Ex. 2 (Warden Padula Aff. ¶ 10).) Accordingly, James' objection is without merit.

Based on the foregoing, the court adopts Magistrate Judge Hodges' Report and Recommendation.

Therefore, it is

**ORDERED** that Defendants' motion for summary judgment, docket number 60, is granted; it is further

**ORDERED** that James' motion for reconsideration, docket number 44, is denied as moot; it is further

**ORDERED** that James' motion for extension of time to complete discovery, docket number 46, is denied as moot; it is further

**ORDERED** that James' motion for subpoena of a witness, docket number 47, is denied as moot; it is further

**ORDERED** that James' motion to compel discovery, docket number 55, is denied as moot; it is further

**ORDERED** that James' motion for summary judgment, docket number 63, is denied as moot; and it is further

**ORDERED** that James' motion for leave to file an amended complaint, docket number 66, is denied as moot.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 9, 2010

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.